IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | ) | Civil Action No. 2:26-cv-00213-DSC |
| | ) | |
| Plaintiff, | ) | Filed Electronically |
| | ) | |
| vs. | ) | |
| | ) | |
| BLANK ROME, LLLP, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

AND NOW, comes Plaintiff JANE DOE, by and through her attorneys, Horne Daller LLC, and files this Brief in Support of her Motion to Proceed Under a Pseudonym:

*Factual Background*

The basis of Plaintiff's complaint is a sexual assault by a male co-worker and then retaliation by their law firm employer that followed Plaintiff's report of this assault. Plaintiff Jane Doe ("Ms. Doe") was a highly successful associate employee of Defendant Blank Rome, LLLP ("Blank Rome" for over three (3) years when Defendant hired a male associate ("Associate A"), who effectively was Ms. Doe's superior. See Plaintiff's Complaint, ¶ ¶ 22-34. Immediately upon his hiring, Associate A demonstrated erratic and concerning behavior, which included inappropriately commenting on Ms. Doe's appearance, having outbursts in the office, and sleeping overnight in the office on more than one occasion. See Plaintiff's Complaint, ¶ ¶ 37-55.

At a gathering at the home of a partner of Blank Rome, Associate A sexually assaulted Ms. Doe. See Plaintiff's Complaint, ¶ 62. The assault was interrupted when individuals in other locations heard Ms. Doe's screams for help, prompting them to intervene.  Law enforcement was contacted and Ms. Doe was taken to a hospital for medical evaluation. See Plaintiff's Complaint,

1

¶ 1-4; 62-76. The gravity and devastation of the situation was evident from its start, prompting the individuals who assisted Ms. Doe in contacting law enforcement and getting medical assistance (both of which were partners of Blank Rome) to notify Blank Rome's Human Resources ("HR") department.

In disregard of Ms. Doe's safety and wellbeing following this dreadful event, Blank Rome took a "hands off" approach under the guise of treating both Ms. Doe and Associate A "equally," which effectively placed Associate A's interests far above Ms. Doe's. See Plaintiff's Complaint, ¶ 156. Blank Rome allowed Associate A to return to work the following Monday after the assault without any consequence. See Plaintiff's Complaint, ¶ 83. Meanwhile, Ms. Doe was left to fend for herself. With fear for her immediate safety, she requested that, if Blank Rome did not terminate Associate A, she and the perpetrator at least be put on a rotating in-office schedule so that they were not in-person at the office together and that they would no longer be staffed on the same cases. See Plaintiff's Complaint, ¶ 87. Her request was denied, and Associate A was present in the office the first day Ms. Doe was required to return, only three (3) days after the assault. Plaintiff's Complaint, ¶ 93. When she expressed ongoing fear, Blank Rome's response was to have both Associate A and Ms. Doe work from home for a period of one (1) week. Plaintiff's Complaint, ¶ 95.

Upon their simultaneous return to the office, Associate A would continue to intimidate and harass Ms. Doe making his physical presence apparent for the remainder of her time at Blank Rome. See Plaintiff's Complaint, ¶ 93-104. Blank Rome ultimately decided to do nothing in response to the assault and ongoing intimidation and merely suggested that Associate A and Ms. Doe ignore each other. See Plaintiff's Complaint, ¶ 102; 106-109.

Ms. Doe filed a complaint against Blank Rome with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") in November 2024. See Plaintiff's Complaint, ¶ 115. Meanwhile, Ms. Doe continued to work remotely to ensure she did not cross paths with Associate A, to her detriment, as this isolated her from her colleagues. See Plaintiff's Complaint, ¶ 118. Blank Rome failed to notify her when Associate A was physically present in the office, and when she attempted to come into the office on days she was informed he would not be there, he was there on more than one occasion, resulting in her having to leave to protect her own wellbeing. See Plaintiff's Complaint, ¶ 118-120. Blank Rome refused to require Associate A to work remotely during this critical early period after the assault, despite allowing him to later choose to work remotely for a period of six (6) weeks in 2024, but without notifying the Plaintiff. See Plaintiff's Complaint, ¶ 125-129.

Only in February 2025, did Blank Rome reconsider Ms. Doe's original request to implement a rotating in-office schedule to ensure Ms. Doe would not be physically in the office with Associate A but would only agree to do so if she withdrew her EEOC and PHRC claims. See Plaintiff's Complaint, ¶ 125-129. Blank Rome perpetuated its failure to provide any protection for Ms. Doe and she instead risked daily exposure and communication with her assailant—which occurred unbated. See Plaintiff's Complaint, ¶ 136-145. Meanwhile, Ms. Doe was continuously harmed by Blank Rome's inaction, not only in their refusal to curtail interactions with her assailant, but also in the impact it had on her work relationships since other attorneys to whom she reported only saw that she was missing work or absent from the office. The result was for Ms. Doe to be negatively professionally impacted with business interactions curtailed and caseload management harmed, resulting in a decrease in her billable hours and a deduction in her year-end pay. See Plaintiff's Complaint, ¶ 189. Before the negative response of Blank Rome to the complaint of

3

assault, Ms. Doe had been one of, if not the most successful associate in the Pittsburgh office. She originally felt her future was with Blank Rome. After the assault and left with no support from her employer, Ms. Doe was constructively discharged in March 2025. See Plaintiff's Complaint, ¶ 130.

***Legal Argument***

Fed. R.C.P. 10(a) requires the title of a complaint to name all parties. However, courts historically have allowed a party to proceed in litigation anonymously when that party has demonstrated they maintain "a fear of severe harm" from public disclosure and that "the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). When a litigant demonstrates that she has a reasonable fear of severe harm from litigating without a pseudonym, "courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* The Third Circuit utilizes a nine-factor test to determine when a plaintiff's interest in maintaining confidentiality outweighs the public's interest in open litigation. *Megless*, 654 F.3d 404 at 409; see also, *Doe v. Rutgers*, No. 2:18-cv-12952-KM-CLW, 2019 U.S. Dist. LEXIS 75139, at *3 (D.N.J. Apr. 30, 2019). The *Megless* Court emphasized that trial courts are required to consider the particular factual circumstances of each case. *Megless*, 654 F.3d 404 at 409.

District courts consider the following six (6) factors that support a litigant's use of a pseudonym: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared....and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants['] identities; (5) whether the plaintiff would 'refus[e] to pursue the case at the price of being publicly identified' and 'the undesirability of an outcome adverse to

the pseudonymous party;' and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Rutgers*, 2019 U.S. Dist. LEXIS 75139 at 3-4. The *Megless* Court requires the following three (3) factors to be considered against the use of a pseudonym: " (1) the universal level of public interest in access to identities of litigants; (2) whether, because of the subject matter of this litigation, the status of a litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities; and (3) whether the opposition to pseudonym by counsel, the public or press is illegitimately motivated." *Id*.

### *The Megless factors weigh in favor of permitting Plaintiff to proceed as Jane Doe.*

In balancing these nine factors, it is clear that the identity of a victim of sexual assault and ongoing retaliation creates privacy interest of a particularly sensitive nature. Numerous courts within the Third Circuit have allowed such victims to proceed under a pseudonym. *See*, *generally*, *Doe A.F. v. Lyft, Inc.*, No. 23-3990-KSM, 2023 U.S. Dist. LEXIS 223388 (E.D. Pa. Dec. 15, 2023); *Doe v. Schuylkill Cty. Courthouse*, No. 3:21-CV-477, 2022 U.S. Dist. LEXIS 82026 (M.D. Pa. May 5, 2022); *Doe v. Westminster College*, No. 22-CV-075 (W.D. Pa. February 14, 2022).

First, Ms. Doe has made a focused effort to ensure her identity has remained confidential and shielded from the public eye through the filing of her Complaint. This factor weighs in favor of litigants who "make substantial efforts to maintain anonymity" and "limit this disclosure of sensitive information to few other people." *Doe v. Rider Univ.*, Civil Action No. 16-4882 (BRM), 2018 U.S. Dist. LEXIS 133146, at *8-9 (D.N.J. Aug. 7, 2018). To date, Ms. Doe's identity is known by the parties of this litigation, their counsel, and the Court. Ms. Doe's identity was incidentally discovered by the partner who had witnessed the assault and her husband, and other superiors at Blank Rome would learn of her identity in the fallout of the assault. See Plaintiff's Complaint, ¶

¶ 56-111; 112-131. Aside from these individuals, Ms. Doe herself has not disclosed her identity to other parties. In fact, Blank Rome instructed Ms. Doe to keep the assault and its consequences confidential, with which she complied. See Plaintiff's Complaint, ¶154. Plaintiff continues these efforts by filing her Complaint as Jane Doe. She has successfully satisfied Factor (1) of the *Megless* test.

Likewise, Plaintiff has satisfied Factor 2 of the *Megless* test, in that she has demonstrated that disclosure exposes her to additional severe harm. Where a litigant is a victim of sexual assault and/or harassment, her "fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of these events" constitutes "severe harm" and is "well-founded." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Such victims can show "severe harm" by demonstrating that they will suffer "emotional distress, mental anguish, anxiety…and humiliation" should their identity be revealed and that they suffered "extreme psychological distress" as a result of the underlying assault and/or harassment. *Rutgers*, 2019 U.S. Dist. LEXIS 75139 at *8-9. Ms. Doe's fears for her physical and mental health and safety are memorialized throughout her Complaint. See Plaintiff's Complaint, ¶ ¶ 9; 62-64; 81;146-197. For example, she became physically sickened upon learning that Associate A was present in the office at the same time she was, and from then on had to monitor when he was in the office, so she knew to stay at home, to her own detriment. See Plaintiff's Complaint, ¶ ¶ 78; 94; 139-140; 146-197. Ms. Doe further explains how these interactions with Associate A continued to cause her psychological distress following the assault. See Plaintiff's Complaint, ¶ 167-176. Moreover, Plaintiff is a Pittsburgh-based attorney, and Defendant is a national law firm that maintains a large Pittsburgh office. See Plaintiff's Complaint, ¶ ¶ 10-11. Given the unfortunate social stigmas that attached to sexual assault and/or harassment requiring Ms. Doe to proceed with this litigation under

her real name subjects Ms. Doe to ridicule, scrutiny, and alienation by her own colleagues. It also jeopardizes her reputation within the local legal community as it relates to future employers, potential opposing counsel, and the courts themselves.

Factor (3) is easily satisfied. Courts within the Third Circuit have found that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights." *Evans*, 202 F.R.D. 173 at 176. See also, *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *9 (upholding "a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs."). Historically, this Court has recognized this public interest and preserved it by allowing sexual assault victims to proceed anonymously. *See*, *generally*, *Doe v. United States of America, et al*, No. 3:25-CV-00266 (W.D. Pa August 27, 2025); *Doe v. Pine Richland School District,* No. 2:22-CV-01329 (W.D. Pa. December 2, 2022); *Doe v. Westminster College*, No. 22-CV-075 (W.D. Pa. February 14, 2022).

As a victim of sexual assault, Ms. Doe requires the same protection as other victims to ensure she is not subjected to public humiliation in the pursuit of justice for these claims. Inversely, there is weak public interest in the discovery of Ms. Doe's identity. Courts have found that, while the public may have interest in the *issues* of case involving sexual assault and/or harassment, "protecting [the victim's] identity shall not impede the public's ability to follow the proceedings." *Evans*, 202 F.R.D. 173 at 176. Allowing Ms. Doe to proceed anonymously shall not affect the public's ability to access these proceedings. Therefore, Ms. Doe satisfies Factor 4.

Factor 5 requires this court to consider whether Ms. Doe would cease pursuing her claims to prevent disclosure and the undesirability of an outcome adverse to her. In today's legal landscape, it is common for attorney names to be generally searched within the state and/or federal

district in which they work and/or are employed (i.e., to determine their level of experience, range of practice, case results). The risk of her history as a sexual assault victim being identified in the normal course of business is much higher and in a manner that can more directly interfere with her ability and obligation to represent her client. This alone can be a professional impediment, again due to the unfortunate stigma and scrutiny surrounding victims of sexual assault.

Lastly, throughout her Complaint and further described above, Ms. Doe has detailed her fears of professional harm, humiliation, danger, and retaliation should her identity be revealed. Her fears are legitimate reasons for seeking permission to proceed anonymously. No evidence exists that suggests Ms. Doe seeks a Jane Doe designation for illegitimate and/or ulterior reasons. Conversely, Ms. Doe also did not name any other attorney involved in the underlying facts of her Complaint –including the assailant—with the understanding and respect of the sensitivity of this matter and the potential for harm to these individuals. She has satisfied Factor 6.

The three remaining factors –which tend to go against permitting a litigant to proceed anonymously—are still weighed in Ms. Doe's favor. First, undoubtedly, there is a universal level of public interest in access to the identities of litigants. *Megless*, 654 F.3d 404 at 411. However, courts have made exceptions pursuant to the *Megless test* in cases involving "highly personal" subject matter, including cases involving sexual assault and/or harassment. *Rider Univ.*, 2018 U.S. Dist. LEXIS 133146, at *3. Also, concealing Ms. Doe's identity does not hinder the public from accessing these proceedings.

Second, Ms. Doe is not a public figure. Additionally, while Defendant is widely known across the country, its publicity does not cause the public's interest to outweigh the interest in protecting "a member of a particularly vulnerable class." *Rider Univ.*, 2018 U.S. Dist. LEXIS 133146, at *3. In fact, permitting Ms. Doe to continue anonymously while provide public access

to the docket of this matter "strikes the appropriate balance between these competing interests." *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *11-12.

Lastly, while Defendant's position regarding Ms. Doe's pursuit of anonymity is unknown as of the filing of her Motion, Ms. Doe maintains that Defendants will be unable to conjure any legitimate reason for opposition. Defendant is not hindered in any way in defending against Ms. Doe's claims should this Court allow her to proceed as Jane Doe. Defendant and its counsel are aware of Ms. Doe's identity (and have been since the underlying events of this litigation have occurred). It is anticipated that, as generally occurs in litigation, discovery will proceed under an agreement of confidentiality. Thus, Defendant is able to successfully conduct investigation and discovery into Ms. Doe's claims. Put differently, Ms. Doe's identity is inconsequential to Defendant's defense. Should Defendant oppose Ms. Doe's Motion, the only feasible basis for its opposition would be to perpetuate ongoing harm to Ms. Doe, as disclosure can further humiliate her, undermine her professional reputation and potentially deter her from continuing with this litigation. This Court cannot allow Defendant to potentially avoid accountability for its actions via this avenue.

***Conclusion***

Where a litigant's privacy interest so clearly outweighs the public's need to know her identity, the court must protect that interest to the best of its abilities. *Evans*, 202 F.R.D. 173 at 176. For the reasons stated above, Plaintiff respectfully requests this Court grant her Motion to Proceed under a pseudonym throughout the entirety of this litigation.

**[SIGNATURE PAGE FOLLOWS]**

| | |
|---|---|
| Date: <u>February 13, 2026</u> | Respectfully submitted,<br>/s/ *Giulia R. Schaub*<br>Giulia R. Schaub, Esq. (Pa. 330375)<br>Nicole Daller, Esq. (Pa. 312224)<br>Vicki K. Horne, Esq. (Pa. 36578)<br><br>HORNE DALLER LLC<br>1380 Old Freeport Road, Suite 3A<br>Pittsburgh, PA 15238<br>Phone: (412) 967-9400<br>Fax: (412) 967-0465<br>ndaller@hornedaller.com<br>vkhorne@hornedaller.com<br>gschaub@hornedaller.com<br><br>*Attorneys for Plaintiff* |