IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br>v.<br><br>BLANK ROME, LLP<br><br>     Defendant, | Civil Action No. 2:26-cv-213-WSH |

**DEFENDANT BLANK ROME, LLP'S**
**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Civil Rule 5.2(H), Defendant Blank Rome, LLP ("Defendant") respectfully files this Motion for Leave to File Documents Under Seal, and states the following:

1. Defendant respectfully requests this Court's leave to redact confidential information appended to its forthcoming Response to Plaintiff's Motion for Leave to File Under Pseudonym. These limited redactions are necessary to (i) protect the privacy interests of non-parties, (ii) protect Plaintiff's identity while the Court considers the pending Motion for Leave to File Under Pseudonym, and (iii) protect other confidential information.

2. Defendant is aware that this Court's procedures require a five-day advance request to seal. Given the expedited (8-day) deadline to respond to the Motion for Leave to File Under Pseudonym and that Defendant was unsure it would need to seal any documents until it assessed the motion and its likely response, Defendant makes this request as expeditiously as possible.

3. On February 6, 2026, Plaintiff Jane Doe ("Plaintiff") filed a Complaint against Defendant. (ECF No. 1.)

4. The Complaint alleges that Plaintiff was assaulted by "Associate A." (ECF No. 1, Compl. ¶ 1.) Plaintiff did not identify either herself or Associate A by name, instead using

pseudonyms for themselves as well as for other non-parties. The Complaint further alleges that Defendant, Plaintiff's former employer, engaged in retaliatory conduct after she reported the alleged assault. (*Id.*)

5.  On February 13, 2026, Plaintiff filed a Motion for Leave to File Under Pseudonym. (ECF No. 6.) Four days later, on February 17, 2026, Plaintiff served the motion to Defendant's counsel via email.

6.  Defendant intends to file a timely response to Plaintiff's Motion for Leave to File Under Pseudonym on February 27, 2026. In further support of its response, Defendant will attach as an exhibit its Position Statement and Supplemental Position Statement, as filed with the Equal Opportunity Employment Commission in this matter (collectively, the "Position Statements").

7.  The Position Statements contain sensitive and confidential information, including the identities of both Plaintiff and "Associate A," the names of other individuals who are anonymous in the Complaint, Plaintiff's own address, Plaintiff's compensation information, and certain information relating to Associate A's confidential performance evaluation. These categories of information from the Position Statements are not publicly available. The balance of the Position Statements, however, consist of Defendant's account of the same events described, from Plaintiff's perspective, in the Complaint.

8.  Accordingly, Defendant has narrowly redacted the following information from the Position Statement:

    a.  Names of individuals—including both Plaintiff and non-parties—not identified in the Complaint, as well as Plaintiff's home address;

    b.  Details of confidential compensation information of both Plaintiff and others; and

    c.  Details from Associate A's confidential employee performance reviews.

9. The public's interest in access to this confidential information is outweighed by the potential harm the privacy interests of private litigants and non-parties. *See In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019); *see also Butler v. FedEx Supply Chain, Inc.*, 2025 WL 2249353, at *6 (M.D. Pa. Aug. 6, 2025) ("Defendant has identified 'a clearly defined and serious injury' that disclosure of Exhibits X and PP would cause—specifically, the injury to the reporters and named individuals who held expectations of privacy regarding their personal and highly sensitive information.").

10. Defendant has met its burden to justify the confidentiality of the information it seeks to redact from the Position Statements. *See In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 924 F.3d at 671 (internal citations omitted).

11. First, Defendant has properly redacted the identities of unnamed non-parties (as well as Plaintiff's home address) from the Position Statements as "courts typically protect the PII of nonparties." *Butler*, 2025 WL 2249353, at *5 (collecting cases).

12. Furthermore, if the identities of these individuals—including Plaintiff—were publicly available, Plaintiff's pending Motion for Leave to File Under Pseudonym would be moot.

13. Second, Defendant has narrowly redacted detailed information pertaining to both Plaintiff's and non-parties' compensation.

14. The non-public salaries and bonuses of Plaintiff and Defendant's other non-party employees comprise confidential personal and business information and its disclosure would "violate the privacy interests of the former and present employees." *Province v. The Pep Boys--Manny, Moe, Jack*, 2000 WL 420626, at *2 (E.D. Pa. Apr. 12, 2000). Presumably, Plaintiff would agree that her salary history should remain confidential.

15. Finally, Defendant has redacted the details of Associate A's performance reviews. Associate A is not a party to this litigation. (*See* ECF No. 1, Compl.)

16. It is well settled that "[t]he disclosure of [private information about] nonparties who have not consented to their personal information being made public would harm the reputation and privacy interests of those nonparties." *Ganoe v. Hegseth*, 2025 WL 2085927, at *8 (M.D. Pa. July 24, 2025) (holding that employment information pertaining to non-parties could be filed under seal) (citing *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, 2023 WL 1100995, at *5 (E.D. Pa. Jan. 30, 2023)).

17. On February 23, 2023, Defendant's counsel conferred with Plaintiff's counsel as to her consent or opposition to the present motion, as required by this Court's procedures. In doing so, Defendant's counsel described, with specificity (and where relevant, specific pages numbers of the Position Statements) what information would be redacted.

18. In response to Defendant's counsel's request, Plaintiff's counsel responded that "the documents should be filed fully under seal and not in redacted form." Plaintiff's counsel further stated that "the motion to seal is opposed by Plaintiff insofar as you seek to file certain information without redaction that has not been reviewed by Plaintiff's counsel." Plaintiff's counsel did not explain why, in her view, such broad confidentiality is warranted in these circumstances.

19. To be sure, the Position Statements are highly relevant to Defendant's response to Plaintiff's Motion for Leave to File Under Pseudonym.

20. The Third Circuit has set forth a nine-factor balancing test to determine whether a litigant may prosecute its case anonymously. *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011).

4

21.     Specifically, the Position Statements are relevant to at least two of those factors: "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity" and "whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *See id.*

22.     Plaintiff posits that the only reason Defendant would oppose anonymity is as part of a continuing campaign of retaliation. (ECF No. 6, Pl.'s Mot. ¶ 40 ("any opposition from Defendant must be construed as continued retaliation against Plaintiff for pursuing these claims")). The Position Statements are offered to rebut the very public argument by Plaintiff that there has been and continues to be "retaliation."

23.     Further, it is troubling that Plaintiff argues she should be permitted to continue to prosecute her case anonymously and present her own characterization of the events that led to her filing suit while insisting that Defendant not be permitted to state publicly its account of what happened. As such, the Position Statements go to yet another factor of the balancing test— Plaintiff's motive in requesting to prosecute her case anonymously. *See Megless*, 654 F.3d at 409.

24.     Neither party will be prejudiced by the granting of this Motion, as it is necessary to protect both the litigants' and non-parties' privacy interests. Furthermore, if the identities of unnamed individuals were publicly available, Plaintiff's pending Motion for Leave to File Under Pseudonym would be moot.

**WHEREFORE**, Defendant respectfully requests that this Court grant its Motion for Leave to File Documents Under Seal and permit the filing of the Position Statements under seal.

Date: February 23, 2026                                  Respectfully submitted,

**BLANK ROME LLP**

*/s/ Christina Manfredi McKinley*
Christina Manfredi McKinley
PA I.D. No. 320002
Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
(412) 932-2800
Christina.McKinley@BlankRome.com

*Attorney for Defendant*