**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | ) | Civil Action No. 2:26-cv-213 |
| | ) | |
| Plaintiff, | ) | Filed Electronically |
| | ) | |
| vs. | ) | Hon. W. Scott Hardy |
| | ) | |
| BLANK ROME, LLP, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO PROCEED UNDER A PSEUDONYM**

Plaintiff JANE DOE, by and through her attorneys, HORNE DALLER LLC, submits this Reply in Support of Motion to Proceed Under a Pseudonym. Plaintiff incorporates by reference her principal Motion (ECF 6) and Brief (ECF 7). Plaintiff submits this Reply in light of new information regarding the disclosure of her identity by Defendant to its entire Pittsburgh office and to address factual averments and arguments asserted by Defendant in its Response.

***Factual Averments in Dispute***

As this Court is aware, only a Complaint has been filed in this matter. There has not been additional pleading nor any discovery. While Defendant is entitled to present its theory of the case to the Court, there is no evidentiary record on which the Court can rely. Further, many of the factual averments that Defendant sets forth in its Response are in dispute in this matter. By way of only a few of many examples,[1] Ms. Doe did not invite Associate A to a social gathering at Partner A's home. (ECF 29, p. 1). Ms. Doe and Associate A did not enter the homeowners' bedroom area together. (Id.) Ms. Doe did not speculate something bad happened; to the contrary, she sustained actual physical harm from Associate A and provided photographic documentation.

---

[1] To be clear, this is not an exhaustive list of factual disputes but rather provides a few demonstratives for the Court.

(Id.)  Ms. Doe disputes the firm's characterization of her communications with Human Resources and the steps the firm allegedly took in response to her complaints.  (Id. at p. 4).  It is expressly denied that Ms. Doe did not report harassment by Associate A after June 2, 2024.  (Id. at p. 4). Given the absence of an evidentiary record, Ms. Doe submits that at this stage of the proceedings, it is appropriate to look at what has been pled and whether those allegations satisfy the factors of *Megless*. (See, generally, *Doe v. Cty. of Lehigh*, No. 5:20-cv-03089, 2020 U.S. Dist. LEXIS 233500 (E.D. Pa. Dec. 11, 2020) and *Doe v. Allegheny Coll.*, No. 20-212 Erie, 2021 U.S. Dist. LEXIS 187886 (W.D. Pa. Sep. 30, 2021), in which the respective Courts based their evaluation of the *Megless* factors on the allegations set forth in the pleadings).

### *Megless Factor #1 – The Extent to Which the Identity of the Litigant Has Been Kept Confidential*

Defendant has not shown that Ms. Doe has disclosed her <u>identity</u> to anyone.  (Id. at p. 6). Defendant relies on the fact that Ms. Doe provided her educational background and the fact that she worked for Defendant *as one of the few women associates in its Pittsburgh office* as a basis for the public to conduct an internet search to discern her identity.  (Id. (emphasis added)).  Ms. Doe's sex is at issue in this case and therefore must be alleged; it should not be used against her that the firm had a limited pool of female associates.  Further, disclosure of her law school is insufficient to personally identify her.  Her name, photograph, educational background, and professional history do not appear on Defendant's website and have not been accessible on that site for a year.

It is Defendant, not Ms. Doe, who has improperly and recklessly disclosed her identity to its entire Pittsburgh office.  Ms. Doe learned, subsequent to her filing, that an e-mail was disseminated by the firm's General Counsel, the same day as the Complaint filing, that disclosed her identity and the identity of Associate A.  Defendant asserts that the basis for the e-mail was to explain the company's media policy.  Even so, that information could have been provided without

the disclosure of Ms. Doe's name; there was a deliberate and overt attempt to breach confidentiality. Defendant attempts to substantiate its poor decision by placing blame on Ms. Doe's counsel for not turning over privileged work product in advance of filing. That is nothing more than deflection from Defendant's own culpability. While it is true that *Megless* permits proceeding under a pseudonym for purposes of the court filings, Defendant's conduct evidences a flagrant disregard for confidentiality and without a sound need for disclosure. It is Defendant – not Ms. Doe – who has widely disseminated her identity, and consideration should be given to that action when Ms. Doe has taken appropriate steps to maintain anonymity. Defendant here wishes to exacerbate the harm it has caused in disregard of appropriate court process.

### *Butler County Case Is Distinguishable*

Defendant relies heavily on a Western District case involving Butler County. Significantly, that case involved a public official and has different considerations and implications. *Doe v. Court of Common Pleas of Butler Cnty.*, 2017 U.S. Dist. LEXIS 182273 (W.D. Pa. 2017). The *Butler County* case is distinguishable in the facts and severity of the allegations which inform the Court's analysis.

In *Butler County*, it was alleged that a county commissioner made *quid pro quo* sexual advances to a county employee and that she faced retaliation as a result. There are no allegations of physical harm, sexual assault, or violence. The victim in *Butler County* conjectured as to potential harm that may occur.

The circumstances of this matter are distinguishable. Ms. Doe pled actual physical violence by Associate A. (ECF 1, ¶¶ 62-64, 86). Ms. Doe stated that she continued to be harassed by Associate A following the sexual assault. (ECF 1, ¶¶ 93-106, 120-121, 139-142). Ms. Doe detailed numerous instances where she, and others, observed erratic and concerning behavior by

Associate A. (ECF 1, ¶¶ 37-55). Further, the individuals involved, unlike those in *Butler County*, are not public officials. The two factors on which the Court principally relies in *Butler County* – the victim's safety will not be jeopardized and the need for transparency concerning the conduct of judicial officers – are not mirrored in this matter. For these reasons, the *Butler County* case is not sufficiently similar to overcome the *Megless* factors articulated by Ms. Doe.

***Megless Factor #2 – The Bases Upon Which Disclosure is Feared or Sought to Be Avoided and the Substantiality of These Bases***

Unlike the *Butler County* case relied upon by Defendant, Ms. Doe has established a sufficient basis for her fear. Principally among those is that Associate A violently and physically assaulted her to the point of bruising. (ECF 1, ¶ 86). As set forth above, Associate A's menacing behavior did not cease with the assault itself but continued thereafter to the point at which Ms. Doe did not feel safe being in the same building as him. (ECF 1, ¶¶ 93-106, 120-121, 139-142).

Associate A's name has not been publicly disclosed in this matter, and he has not had to publicly respond to the allegations.[2] Disclosure of Ms. Doe's identity would then lead to disclosure of his name and the names of all of Defendant's employees who have been given broad anonymity in the Complaint.[3] Ms. Doe has an understandable and not irrational fear for her personal safety should identities become public, whether from Associate A, who, she has alleged, has already submitted her to physical harm, or otherwise. There is a real and appreciable fear of physical harm that can come to Ms. Doe if this information is released.

---

[2] On information and belief, after his separation from Defendant, Associate A has obtained employment with another law firm.

[3] The CHRO (located outside of this jurisdiction) was identified by name as she is the only individual with that position at Defendant and easily identifiable. The lawyer witnesses in this matter (all of whom are located within this jurisdiction) were identified by Associate _ and Partner _ pseudonyms which provides additional protections to Defendant that Plaintiff was not required to, but did, extend.

*Megless Countervailing Factor #1 – The Universal Level of Public Interest in Access to the Identities of the Litigants*

There is no indication that anyone from the public or press has requested to know the identity of Ms. Doe.  Further, in general the media does not identify victims of sexual assault, particularly if they have not purposely injected themselves into the public eye.  The article cited by Defendant in its Brief refers to Ms. Doe, as most press outlets do when there is a sexual assault victim, by her pseudonym.  (ECF 29, p. 9).  Defendant has failed to demonstrate that the universal public interest in parties to litigation outweighs the need for anonymity in this instance.

*Megless Countervailing Factor #3 – Whether the Opposition to the Pseudonym by Counsel, the Public, or the Press is Illegitimately Motivated*

The disclosure of Ms. Doe's identity, as is set forth more fully in Plaintiff's principal Brief, will certainly impact Ms. Doe with respect to concerns for personal safety, intimidation, public and professional humiliation.  They are not additional components of harm to which Ms. Doe ascribes nor which she wishes to be a component of damages in this case.  Given the more recent information concerning the disclosure by General Counsel of her identity to the firm writ large, it suggests that Defendant is fully aware of and willing to embrace that result as a component of litigation tactics.  It is respectfully submitted that enabling such conduct does not advance, but rather, further complicates and distorts the legal issues and appropriate process of this case.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court GRANT her Motion to Proceed under a Pseudonym.

**JURY TRIAL DEMANDED**

Date: <u>March 30, 2026</u>

Respectfully submitted,
/s/ *Nicole Daller*
Nicole Daller, Esq. (Pa. 312224)

5

Vicki K. Horne, Esq. (Pa. 36578)
Giulia R. Schaub, Esq. (Pa. 330375)

HORNE DALLER LLC
1380 Old Freeport Road, Suite 3A
Pittsburgh, PA 15238
Phone: (412) 967-9400
Fax: (412) 967-0465
ndaller@hornedaller.com
vkhorne@hornedaller.com
gschaub@hornedaller.com

*Attorneys for Plaintiff*

6