**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-213 |
| | ) | |
| BLANK ROME LLP | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION DENYING MOTION TO PROCEED UNDER PSEUDONYM**

Presently before the Court is Plaintiff's Motion to Proceed Under a Pseudonym (Docket No. 6). The matter is fully briefed and ripe for disposition. (Docket Nos. 7, 29-32). The motion will be denied for the reasons set forth below.

## I. BACKGROUND

Plaintiff is an attorney who filed a detailed, 197-paragraph Complaint under the pseudonym "Jane Doe" against Defendant Blank Rome LLP ("Blank Rome" or the "Firm"), her former employer, alleging claims for sex discrimination, hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act ("Title VII").[1] (Docket No. 1). Her claims arise from the Firm's purported failure to respond appropriately after Doe allegedly was sexually assaulted by another associate attorney, identified in the Complaint as "Associate A," while they and others were socializing at the home of a Firm partner on a Saturday evening after leaving a graduation party hosted by another partner of the Firm. (*Id.* at ¶¶56-132). The Complaint details Doe's professional background, including where she attended law school, when she began her employment at the Firm, and the type of law she practiced while at the Firm. (*Id.* at ¶¶21-26).

---

[1] Doe also indicates that she will seek to amend her Complaint to assert claims under the Pennsylvania Human Relations Act ("PHRA") when those claims become ripe. (Docket No. 1 at ¶20).

Doe's Complaint similarly details Associate A's professional background, including his law school and year of graduation, and the names of his prior law firms. (*Id.* at ¶¶27-35). The Complaint does not identify Doe by her own name, nor does it identify by name "Associate A" or any other attorney at the Firm. The only person identified by name in the Complaint is the Firm's Chief Human Resource Officer, who is named 24 times. (*See Id.* at ¶¶74-185."). Doe filed the instant motion a week after filing her pseudonymous Complaint. (Docket No. 6).

II. DISCUSSION

It has been long recognized that "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). Indeed, the "Federal Rules of Civil Procedure make no provision for pseudonymous litigation." *Doe v. Law Offices of Robert A. Schuerger Co.*, Civil Action No. 17-13105, 2018 WL 4258155, at *2 (D.N.J. Sept. 6, 2018). Federal Rule of Civil Procedure 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings, thereby "embod[ying] a principle which is central to our system of justice, a presumption in favor of transparency." *Doe v. Court of Common Pleas of Butler County, PA*, Civ. Action No. 17-1304, 2017 WL 5069333, at *1 (W.D. Pa. Nov. 3, 2017) (citing Fed. R. Civ. P. 10(a)). Rule 10(a) illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public and identifying the parties to a proceeding is an important dimension of publicness – the people have a right to know who is using their courts. *Megless*, 654 F.3d at 408. "A plaintiff's use of a pseudonym runs afoul of the public's right of access to judicial proceedings." *Id*. (internal quotation and citation omitted). Accordingly, there is a strong presumption in favor of public access to judicial proceedings.

Nevertheless, the Third Circuit Court of Appeals has permitted litigants to proceed pseudonymously, despite this long-standing principle of transparency and despite the express text of Rule 10(a), when justified by exceptional circumstances. A mere showing of embarrassment or economic harm is not enough. Rather, there must be a showing of both: (1) fear of severe harm, and (2) that the fear of severe harm is reasonable. *Megless*, 654 F.3d at 408. When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, the Third Circuit instructs that "district courts should balance the plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id*. While the Third Circuit has not delineated a comprehensive or exhaustive list of such factors, it has endorsed the factors set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). *Provident Life* provides six factors weighing in favor of anonymity and another three factors disfavoring anonymity. The factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential;
>
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity;
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Butler Cnty.*, 2017 WL 5069333, at *1 (citing *Megless*, 654 F. 3d at 407)). On the other side of the scale, factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants;
>
> (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identity, beyond the public's interest which is normally obtained; and
>
> (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*. at *2 (citing *Megless*, 654 F.3d at 409).

Decisions regarding whether to allow a party to proceed under a pseudonym in derogation of Fed. R. Civ. P. 10(a) is consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Id* at *1 (citing *Megless*, 654 F.3d at 407). In exercising its discretion, this Court considers these foregoing guiding principles and array of competing factors and concludes that Doe has not overcome the strong presumption against using a pseudonym.

First, the Court notes that Doe appears to have kept her encounter with Associate A confidential and has not revealed her identity or the identity of Associate A in her Complaint, in other publicly available court filings, or elsewhere. True enough, but Doe has also plead highly detailed factual averments in her 197-paragraph Complaint that inform the reader of her law school, her prior law firm affiliation, the month and year she commenced work at the Firm, the general nature of her practice, and the date of her departure from the Firm. (Docket No. 1 at ¶¶21-26, 130). Similar factual averments were plead regarding Associate A, including by naming three firms at which Associate A had previously been employed. (*Id.* at ¶¶27-35). The Firm's identity has also been revealed both in the caption of the Complaint and in its detailed factual averments.

Many of these averments supply indicia of identity of both Doe and Associate A even though they would not have been necessary pursuant to applicable pleading standards set forth in Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Accordingly, this factor weighs against anonymity.

Second, Doe contends that disclosure of her identity would expose her to severe harm. She asserts that her prior interactions with Associate A caused her psychological distress,[2] that there are social stigmas that attach to victims of sexual assault and harassment, and that using her real name would subject her to "ridicule, scrutiny, and alienation" by her own colleagues and would jeopardize her reputation within the local legal community. (Docket No. 7, at 6-7). Here, the Court takes note that Doe is an adult, not a minor. *See Butler Cnty.*, 2017 WL 5069333, at *2 ("Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym.") (internal quotation and citation omitted). The Court also notes that Doe does not contend that she would forgo her claims if her motion to proceed pseudonymously were to be denied and there is no indication from the record that Doe would be deterred from proceeding if she identified herself.[3] Therefore, factor five also does not favor

---

[2] The Court notes that Doe also expresses fear for her physical and mental health and safety that derive from her averments concerning her tenure at the Firm when she and Associate A worked together.. (Docket No. 6 at ¶¶22-23). In her Reply, Doe asserts that she has a present fear of harm from Associate A should she reveal his identity. (Docket No. 32 at 4). This Court is sympathetic to Plaintiff's concerns. However, revealing Doe's identity now would not have any preventative or ameliorative effect in relation to Associate A because Associate A has always known her identity and has long-known of her accusations against him. Doe has not articulated a reasonable basis to believe that her future safety will be jeopardized if her identity is disclosed. And, based on publicly available information related to Associate A as identified by Defendant in sealed Documents at Docket Nos. 30 and 31, Associate A and Doe appear to no longer be physically present in the same metropolitan area. Further, Doe has not alleged any continued threats from Associate A. *Compare Court of Common Pleas of Butler County, PA*, 2017 WL 5069333, at *3 with *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity. But the threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining Does' anonymity, tip the balance against the customary practice of judicial openness.").

[3] While Doe addresses factor five in her briefing, she does so only to note the frequency with which attorneys are researched online by name and the likelihood that potential clients, opposing parties, and members of the bar may

anonymity. Furthermore, with regards to factor three, the Court shares the view expressed in *Doe v. Court of Common Pleas of Butler County, PA*, which stated: "[t]he Court is sympathetic to Plaintiff's concerns, and understands that, unfortunately, victims of sexual harassment and assault often face ridicule and further harassment when they file lawsuits or otherwise publicly disclose their allegations, especially in the internet age. However, these concerns, while certainly reasonable, are not sufficient to outweigh the public's right to access court proceedings." 2017 WL 5069333, at *2 (citing cases).

Fourth, like in *Doe v. Court of Common Pleas of Butler County, PA*, this Court similarly notes here that Doe is not the only party exposed to public humiliation and reputational harm. 2017 WL 5069333, at *2 (citing *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S. D. Ind. 1996)). The Firm itself and its chief human resource officer have been identified publicly in the Complaint (and other current or former Firm attorneys have been described with sufficient identifying indicia in the Complaint to be identified by implication). (*See, eg.,* Docket No. 1 at ¶¶56-79). Permitting Doe to proceed pseudonymously while the Firm defends itself publicly, particularly where there seems to be material factual disputes between the parties, presents an unfair asymmetry that also weighs against anonymity and certainly does not create an "atypically weak public interest." (*See* Docket No. 32 at 1 ("[M]any of the factual averments that Defendant sets forth in its Response are in dispute in this matter.")).

Next, the Court considers whether either party stakes out their respective positions here for illegitimate ulterior motives. Doe contends that the Firm would have no reason for opposing her motion other than her bald accusation that such opposition is being undertaken to "perpetuate ongoing harm" and to "further humiliate her, undermine her professional reputation and potentially

---

discover her suit. (Docket No 6 at ¶29, Docket No. 7 at 7-8). Doe also left the factor unaddressed in her Reply Brief. (Docket No. 32).

deter her form continuing with this litigation." (Docket No. 7, at 9). Doe proffers no particularized basis for this accusation beyond her objection that the Firm's General Counsel circulated an internal communication within the Firm itself about Doe at or near the time her Complaint was filed, to contend that the Firm opposes her pending motion for illegitimate and "nefarious" motives, further suggesting the Firm is opposing it as a "litigation tacti[c]." (Docket No. 32 at 5). For its part, the Firm similarly accuses Doe of illegitimate tactical motives for seeking to proceed pseudonymously despite filing a factually detailed Complaint with enough content for a reader to know or surmise the identities of its personnel so that she may "cast[] aspersions upon the character of others about whom she publicly alleges information that makes them readily identifiable." (Docket No. 29, at 8). The Court notes, too, that Doe filed her detailed Complaint without seeking leave to file it under seal or in redacted form and did file it on the public docket approximately a week before seeking to proceed pseudonymously.[4]

On the present record, the Court discerns no illegitimate or nefarious motives by either party. In reaching this conclusion, the Court notes that there are known and anticipated vicissitudes and adversities to litigants involved in presumptively public judicial proceedings. Here, the Defendant is a large, multi-office law firm and Doe is one of its former lawyers. Both parties are experienced with the judiciary and presumably familiar with the reasonably foreseeable extrajudicial consequences litigation has on parties and witnesses. Moreover, lawyers representing their clients in court, such as counsel of record here, are expected to prepare and file pleadings and briefs on court dockets for legitimate purposes that subject them to potential sanctions if such filings are presented for an improper purpose. *See* Fed. R. Civ. P. 11. Of course, pleadings and

---

[4] In saying so, the Court is not suggesting that proceeding in this manner is inappropriate or that that seeking to file such a pleading under seal or in redacted form is the better course. Though, there may be circumstances when doing so is advisable.

briefs having a proper purpose may also have attendant collateral adverse extrajudicial consequences, but such consequences do not necessarily transform a proper filing into an improper one. Sometimes those boundaries are clear, sometimes blurred.[5]

As noted above, Doe has a legitimate interest in seeking to proceed pseudonymously to avoid potential embarrassment, humiliation, emotional distress, and professional reputational harm. Those are reasonable and understandable concerns. Likewise, the Firm's opposition to Doe's request is grounded on the desire for symmetry in the transparency of the Court's administration of justice so that Doe may not be permitted to "hurl accusations . . . from behind 'a cloak of anonymity.'" *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007) (internal citation omitted). The Court agrees that such rationale, rooted in fairness and tethered to the presumption of transparency in court proceedings, is also reasonable and legitimate. Accordingly, the parties' respective motives neither favor nor disfavor Doe's continued anonymity.

Ultimately, this Court notes the presumption in favor of open judicial proceedings. *Megless*, 654 F.3d at 411 ("[W]e must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings. There is universal public interest in access to the identities of litigants."). While the parties here are not public officials or public bodies, the strong presumption in favor of open judicial proceedings is not outweighed by the other *Provident Life* factors considered above. Of course, nothing herein would prevent the parties from being parsimonious when asserting factual statements not otherwise required by extant law, or by entering into appropriate stipulated protective orders in accord with *Pansy v. Borough of*

---

[5] Here, on the present record, the Court detects some potential tactical and strategic efforts by both parties within the context of otherwise legitimate and proper lawyering but cautions both parties and their counsel to stay within those boundaries going forward.

*Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), or by seeking appropriate redactions or sealing orders pertaining to filings on the docket in accord with *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019).

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed Under a Pseudonym is hereby DENIED. Plaintiff is directed to file an amended Complaint on or before May 18, 2026 to reflect her true identity.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: May 4, 2026

cc/ecf: All counsel of record