**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-213 |
| | ) | |
| BLANK ROME LLP | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER INVITING REQUESTS FOR REDACTIONS OF MEMORANDUM OPINION**

AND NOW, this 4th day of May, 2026, IT IS HEREBY ORDERED that by **May 18, 2026**, the parties shall confer and then file under seal a joint report indicating whether the Court's Memorandum Opinion (Docket No. 34), currently filed under seal, should remain under seal in certain respects. If the parties do not file a report by that date, the Court will unseal the Memorandum Opinion in its entirety. Alternatively, if the parties' report indicates that one or both parties request that the Memorandum Opinion be redacted in certain respects, then a proposed redacted version of the Memorandum Opinion shall be filed as an attachment to the parties' report, identifying particularized portions sought to remain sealed and thus redacted. If the parties are unable to agree on proposed redactions, the joint report shall note which proposed redactions are agreed upon and which ones are not. Regardless of whether agreed upon or not, the proposed redactions to the Memorandum Opinion shall be annotated or otherwise accompanied by particularized justifications with supporting factual and legal authority demonstrating the "compelling, countervailing interested to be protected" and the specific bases "concerning the effects of disclosure" sufficient to satisfy the parties' and the Court's obligations pursuant to *In re Avandia Marketing, Sales Practices & Prod.*, 924 F.3d 662 (3d Cir. 2019). A party seeking to

overcome the presumption of public access to judicial materials bears the burden of showing, for each proposed redaction, the "compelling, countervailing interests to be protected . . . that . . . outweighs the presumption." *Id*., at 672. This showing must be made as to each particularized redaction being requested. A party opposing a particular proposed redaction shall supply supporting facts, reasons, and legal authorities. The Court will take the parties' requests and justifications for and against redaction under advisement and may request supplemental briefing in support of same.

If portions of the Memorandum Opinion remain redacted, such sealing order subsequently may be vacated, and those redactions lifted, upon motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record